```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


CINDY COOPER                                              PLAINTIFF

VS.                            CIVIL ACTION NO. 5:08-cv-169(DCB)(JMR)

PARAGON SYSTEMS, INC.                                     DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Paragon Systems, Inc.'s motion to dismiss **(docket entry 7)**. Having carefully considered the motion, the plaintiff's response, the memoranda of the parties, and the applicable law, the Court finds as follows:

The plaintiff, Cindy Cooper ("Cooper"), filed her complaint on March 25, 2008, against her former employer (named as "Paragon Security Services" in the complaint). On March 26, 2008, the plaintiff filed her First Amended Complaint, substituting Paragon Systems, Inc. ("Paragon"), as the sole defendant. The First Amended Complaint sets forth causes of action for (1) retaliation under Title VII; and (2) intentional infliction of emotional distress, (3) defamation, and (4) "punitive damages" under Mississippi state law. On April 16, 2008, Paragon filed its motion to dismiss the First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6), alleging that the "[p]laintiff's 'general' fact allegations are so lacking they are insufficient to support the causes of action purportedly asserted." Motion to Dismiss, p. 2.

As grounds for its motion, the defendant first asserts that Cooper fails to plead EEOC administrative compliance as required by Title VII.  In response, the plaintiff attaches copies of her Charge of Discrimination and right-to-sue letter.  Inasmuch as the plaintiff has now pled and proved receipt of a right-to-sue letter, this portion of the defendant's motion is not well taken.

The defendant also asserts that the facts recited in the plaintiff's Title VII retaliation claim are not sufficient to show that she is entitled to the relief sought.  A complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations.  All that is required is "enough facts to state a claim that is plausible on its face," as opposed to mere labels and conclusions that state only a speculative or conceivable claim.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  In determining whether dismissal should be granted, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  See Capital Parks, Inc. v. Southeastern Adver. and Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994).  The Court limits its inquiry to whether the plaintiff is entitled to offer evidence to support claims, and does not address whether the plaintiff will ultimately prevail on the merits.  Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).

Employment discrimination actions need only satisfy the simple notice-pleading requirement of Fed. R. Civ. Pro. 8(a)(2) and are

not subject to a heightened pleading standard. C.J.S. Civil Rights § 467. Thus, the complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case under the McDonnel-Douglas framework, but instead, must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In her First Amended Complaint, the plaintiff alleges that in November of 2005, she filed a sexual harassment complaint with the Security Department at the Corps of Engineers, and as a result she was reassigned from her position as full-time supervisor to a part-time supervisor position. Amended Complaint, ¶ 6. She further alleges that she was not given a reason for the reassignment, and as a result of the reassignment she has suffered a loss in income of $10,000 to $15,000 per year. Amended Complaint, ¶ 7. To establish a prima facie case of retaliation, the plaintiff must show "(1) that she engaged in activity protected by Title VII; (2) that she suffered an adverse employment action; and (3) that a causal connection exists between the protected activity and the adverse employment action." Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000). The Court finds that the plaintiff's allegations are sufficient for Rule 12(b)(6) purposes.

The defendant also challenges the legal sufficiency of the

plaintiff's state law claims of intentional infliction of emotional distress, defamation and "punitive damages."  In order to support a claim for intentional infliction of emotional distress, the defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community."  <u>Brown v. Inter-City Bank for Savings</u>, 738 So.2d 262, 264 (Miss. Ct. App. 1999).  The plaintiff concedes to the dismissal of this claim.  Plaintiff's Response, ¶ 7.  It shall therefore be dismissed with prejudice.

As for the defamation claim, the plaintiff's complaint alleges only that the "Defendant's actions have intentionally defamed the Plaintiff and has [<u>sic</u>] caused irreparable damage to her professional reputation." First Amended Complaint, ¶ 16.  The only "actions" of the defendant alleged in the complaint are: (1) the defendant's reassignment of the plaintiff from full-time supervisor to part-time supervisor, allegedly in retaliation for the plaintiff's filing a sexual harassment complaint; and (2) that "defamatory statements were made to the Corp [<u>sic</u>] of Engineers by the Defendant."  First Amended Complaint, ¶¶ 7-8.

The Fifth Circuit Court of Appeals has held that "[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere allegations." <u>Elliott v. Foufas</u>, 867 F.2d 877, 881 (5th Cir. 1989).  While a complaint need not

4

outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist. Walker v. South Central Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990). Furthermore, although a court must accept the well-pleaded allegations in the complaint as true, and view them in a light most favorable to the plaintiff, "'[c]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992)(quoting Associated Builders, Inc. v. Alabama Power Company, 505 F.2d 100 (5th Cir. 1974)). It has also been held that if a complaint omits facts concerning pivotal elements of a plaintiff's claim, the court is justified in assuming the nonexistence of such facts. Ledesma v. Dillard Dept. Stores, Inc., 818 F.Supp. 983, 984 (N.D. Tex. 1993).

To establish a claim of defamation, the plaintiff must prove the following:

> (1) a false and defamatory statement was made concerning the plaintiff; (2) there was an unprivileged publication to a third party; (3) the publisher was negligent in publishing the defamatory statement; (4) the plaintiff suffered damages resulting from publication of the defamatory statement.

Mitchell v. Random House, Inc., 703 F.Supp. 1250, 1255 (S.D. Miss. 1988), aff'd, 865 F.2d 664 (5th Cir. 1989). "[T]o state a claim for defamation, it is necessary that the defamation be 'clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture.'" Id. at 1256 (quoting

5

Ferguson v. Watkins, 448 So.2d 271, 275 (Miss. 1984)).  Both the Fifth Circuit and the Mississippi Supreme Court have emphasized that this requirement must be strictly enforced.  See Mize v. Harvey Shapiro Enterprises, Inc., 714 F.Supp. 220, 224 (N.D. Miss. 1989)("The Fifth Circuit has recognized that these requirements are stringently applied by Mississippi courts and indicated that it will do the same.").  Furthermore, under Mississippi law, "the trial court in a defamation case must make the threshold determination of whether the language in question is actionable." Mitchell, 703 F.Supp. at 1256.

In Mitchell, the district court found that "the nature of a libel action lends itself to judicial scrutiny in the early stages of a defamation lawsuit."  703 F.Supp. at 1258 n.10.  The court also noted that "'[d]ismissal of defamation suits for failure of the complaint to state a cause of action or to state a claim upon which relief may be granted occurs with relative frequency.'"  Id. (quoting R. SLACK, LIBEL, SLANDER AND RELATED PROBLEMS, 533-34 (1980)). One reason for this is that "'in a libel suit the central event – the communication about which suit has been brought – is usually before the judge at the pleading stage.'"  Id. (quoting R. SLACK, 533-34).  "'Thus courts routinely consider on motions to dismiss issues such as whether the statement at bar is capable of bearing a defamatory meaning ....'"  Id. (quoting R. SLACK, 533-34).

In Mississippi, a complaint alleging defamation must set forth

the statements, paraphrased or verbatim, that constituted the defamation.  Chalk v. Bertholf, 980 So.2d 290, 298 (Miss. Ct. App. 2007).  Without information in the complaint concerning the nature of the statements and how they were defamatory, a mere allegation that defamatory statements were made "constitutes a bare legal conclusion with no support in the complaint."  Id.  The failure to provide any substance regarding alleged defamatory statements in a complaint is fatal to a plaintiff's claim.  Id. at 299.

Rule 8 of Federal Rules of Civil Procedure allows liberal notice pleading.  "A pleading which gives notice to the defendant of the allegations made against him and the grounds upon which they are based is generally sufficient."  Palladino v. VNA of Southern New Jersey, Inc., 68 F.Supp.2d 455, 475 (D. N.J. 1999)(citing Conley, 355 U.S. at 47)(additional citations omitted).  However, Rule 8's minimal notice pleading standard requires the plaintiff to put the defendant on notice of what conduct she claims gives rise to her defamation claim.  In other words, the issue is whether the plaintiff's complaint alleges the elements of defamation as defined by Mississippi law to a degree of specificity sufficient to satisfy the standards of Fed.R.Civ.P. 8.  See id.

 In this case, the plaintiff fails to set forth information in her complaint regarding the substance or nature of any alleged statement or how it was defamatory.  The complaint contains only conclusory allegations that "defamatory statements were made to the

7

Corp [sic] of Engineers by the Defendant," and that "Defendant's actions have intentionally defamed the Plaintiff and ... caused irreparable damage to her professional reputation."

The plaintiff furnishes no further information in her response to the motion to dismiss.  Instead, she argues that she should be allowed to conduct discovery "to find out the exact statements that were made by the Defendant to the Corp [sic] of Engineers." Plaintiff's Response, ¶ 10.  A statement that discovery may uncover essential elements of a claim does not satisfy the minimal notice pleading standard of Rule 8.  See Compel v. Citi Mortgage, Inc., 2005 WL 4904816 *1 (E.D. Va. Feb. 23, 2005)("a proffer of future evidence is insufficient to save an inadequately plead complaint"). Rule 12(b)(6) requires the Court to "examine the sufficiency of the allegations based on the assertions made in the complaint, not on what the plaintiff hopes to prove."  Id.

The plaintiff's conclusory allegations fail to comply with the pleading standard of Rule 8(a), and fail to put the defendant on notice of what conduct the plaintiff claims gives rise to her defamation claim.  The Court will therefore dismiss the plaintiff's defamation claim without prejudice.

Finally, because the plaintiff's claim for punitive damages is based solely on her defamation claim, see Plaintiff's Response, ¶ 11, it too shall be dismissed without prejudice.

Accordingly,

IT IS HEREBY ORDERED that the defendant Paragon Systems, Inc.'s motion to dismiss **(docket entry 7)** is GRANTED IN PART AND DENIED IN PART as follows:

GRANTED as to the plaintiff's intentional infliction of emotional distress, defamation, and "punitive damages" claims;

DENIED as to the plaintiff's Title VII claim.

SO ORDERED, this the 27th day of August, 2008.

/s/ David Bramlette  
UNITED STATES DISTRICT JUDGE